UNITED STATES of America,
Plaintiff–Appellant,

v.

Barry L. VONDERAU,
Defendant–Appellee.

No. 87–7120.

United States Court of Appeals,
Eleventh Circuit.

Feb. 25, 1988.

J.B. Sessions, III, U.S. Atty., E.T. Rolison, Mobile, Ala., John E. Hauge, Sp. Asst. U.S. Atty., Veterans Admin., District Counsel, Montgomery, Ala., Gregory C. Sisk, Leonard Schaitman, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Mark Newell, Mobile, Ala., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HODGES *, Chief District Judge.

RONEY, Chief Judge:

This debt collection action was brought by the United States against a veteran, Barry L. Vonderau, to recover the amount paid by the Government on a guaranteed manufactured housing loan that went into default. The district court instructed the jury that estoppel might lie against the Government in this case on Vonderau's argument that the Government was estopped from collecting on the indebtedness because a Veteran's Administration (VA) employee orally advised him that the VA would not proceed against him after six months. Vonderau contended that, in reliance on this oral representation, he failed to file a timely claim against the bankrupt

* Honorable William Terrell Hodges, Chief U.S. District Judge for the Middle District of Florida, sitting by designation.

estate of the individual who had assumed his housing loan. Because the Government's agent acted outside the scope of his authority, however, this instruction was incorrect and the judgment of the district court entered on a jury verdict in favor of defendant Vonderau must be reversed and the case remanded.

The United States brought suit to recover $1,756.31 from defendant Barry L. Vonderau. Vonderau had purchased the equity of another veteran in a mobile home and had assumed his loan obligation. The VA had guaranteed the seller's loan up to $3,000 and agreed to substitute Vonderau as the obligor under its loan guaranty.

When defendant Vonderau in turn sold the mobile home to Gene Frazier, Vonderau did not apply for, nor was he granted, a release from liability to the VA on the guaranty. The purchaser of the mobile home made two payments and then defaulted on the loan. After being informed of this default, the VA sent defendant Vonderau separate notices regarding Frazier's default and the lender's intent to foreclose on the mobile home. In response Vonderau called the VA and spoke with Donald M. Leavell, the assistant loan guaranty officer at the VA Regional Office in Montgomery, Alabama. Leavell testified that at the time both he and Vonderau believed the mobile home had been stolen and totally destroyed. Leavell told Vonderau over the phone that if insurance would not cover the loss, a waiver on the VA debt was possible. Leavell does not believe, as Vonderau claims, that he told Vonderau that unless the VA proceeded against him on the guaranty obligation within six months, the VA would write off the loss on the loan guarantee. What Vonderau was told by Leavell was an issue of fact submitted to the jury.

Over the Government's objection, the trial court charged the jury that the defense of equitable estoppel could apply if Vonderau was in fact told what he testified he was told. The jury apparently believed Vonderau and returned a verdict for the defendant.

■ On appeal the Government contends that estoppel does not lie against the federal Government. Where the Government employee was not authorized to make the alleged representation because federal statutes and regulations exclusively delegate waiver authority to an agency committee and an agency appeals board, the Government correctly states the law. The Government cannot be estopped by the action of its agent when that agent acts without authority or contrary to law. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). This Court has held that for estoppel to apply against the Government (1) the traditional private law elements of estoppel must have been present; (2) the Government must have been acting in its private or proprietary capacity as opposed to its public or sovereign capacity; and (3) the Government's agent must have been acting within the scope of his or her authority. *Federal Deposit Insurance Corporation v. Harrison*, 735 F.2d 408, 410 (11th Cir. 1984).

■ Because there is no question that it was beyond Leavell's authority to waive the debt owed or decide that the Government would not proceed against Vonderau, we need not address here the difficult questions of whether the Government was acting in its proprietary capacity in concluding its loan guarantee program, or whether the traditional private law elements of estoppel were actually present. Under 38 U.S.C.A. § 3116(a)(1) the Administrator of the VA is authorized to bring suit in any court of competent jurisdiction to recover any indebtedness owed to the United States arising out of a benefits program administered by the VA. The indebted veteran may request a waiver of that obligation by the Administrator. 38 U.S.C.A. §§ 1820(a)(4), 3102(b). The Administrator has delegated this waiver authority to a Committee on Waivers & Compromises established in each regional office. 38 C.F.R. §§ 1.955(a), 1.956–957. Under this regulatory delegation, no claim in excess of $1,000 may be compromised or waived without the signatures of all three panel members, or a majority of the entire Regional Committee

on Waivers & Compromises. 38 C.F.R. § 1.955(c)(d).

Vonderau's case was given a hearing before the VA's Regional Committee on Waivers & Compromises, but the Committee determined that it would be inappropriate to grant a waiver under these circumstances. Vonderau did not avail himself of his right to appeal this decision to the Board of Veteran's Appeal, so no further consideration of the merits of his claim was pursued within the VA. *See* 38 U.S.C.A. § 4001 *et seq.*; 38 C.F.R. § 19.10 *et seq.*

This elaborate process is provided to ensure a reasoned and consistent determination of waiver applications. To permit an individual loan guaranty officer to circumvent the process and commit the Government to a course of action contrary to its settled procedure for institutional determination would undermine the ability of the VA to control its own resources. The cases have consistently reached the same conclusion. *See, e.g., Heckler v. Community Health Services,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984) ("Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of law; respondent could expect no less than to be held to the most demanding standards in its quest for public funds. This is consistent with the general rule that those who deal with the government are expected to know the law and may not rely on the conduct of Government agents contrary to law."); *see also FCIC v. Merrill,* 332 U.S. at 384, 68 S.Ct. at 3.

In each case relied upon by the defendant, the Government employee making the representation that was deemed to estop the Government, had the authority to act for the Government in the way represented. *See FDIC v. Harrison,* 735 F.2d 408, 413 (11th Cir.1984) (holding estoppel applicable to FDIC as no claim was made that the representations of its agents were unauthorized or contrary to statute or regulation); *United States v. Lazy FC Ranch,* 481 F.2d 985, 990 (9th Cir.1973); *United States v. Fox Lake State Bank,* 366 F.2d 962 (7th Cir.1966).

It may seem harsh to require Vonderau to know the procedure with which the agency must function in order to determine the appropriateness of his waiver application. Yet prior cases mandate that "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *FCIC v. Merrill,* 332 U.S. at 384, 68 S.Ct. at 3; *Hicks v. Harris,* 606 F.2d 65 (5th Cir.1979).

The district court improperly charged the jury that estoppel might lie against the federal Government under the facts of this case. Although the Government asks on appeal for a judgment in its favor, it is more appropriate to remand this case for the district court to determine whether there are any triable issues of fact, or whether the Government is entitled to judgment as a matter of law, since the defendant cannot defend the claim on an estoppel basis.

REVERSED and REMANDED.