**UNITED STATES of America, Plaintiff,**

v.

**Nolan L. LAIRD; and Retha Anelia Laird, Defendants.**

**Civ. A. No. 88–H–327–N.**

United States District Court,
M.D. Alabama, N.D.

Sept. 21, 1988.

---

U.S. Atty., Patricia Allen Conover, Asst. U.S. Atty., Montgomery, Ala., William Ashley Howell, III, Small Business Admin., Birmingham, Ala., for plaintiff.

Wesley L. Laird, Opp, Ala., for defendants.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

Defendants submitted a motion for summary judgment on August 30, 1988. Plaintiff filed a cross-motion for summary judgment on September 7, 1988. Defendants submitted a cross-brief on issues presented for trial on September 9, 1988, and then a response brief to plaintiff's motion for summary judgment on September 14, 1988.

### I.  FACTS

On February 18, 1981, defendants executed and delivered to the Small Business Administration (SBA) their promissory note in the amount of $94,100.00. In November 1985, defendants went into bankruptcy proceedings. In December 1985, a plan was entered in which defendants promised to pay the SBA loan on a revised schedule, with the loan secured by "Parcel 1" of defendants' real estate. On April 30, 1987, the SBA declared the loan to be in default, and accelerated the loan.

In order to pay off the loan, the defendants agreed with SBA on July 13, 1987 to conduct a voluntary sale of their property. Defendants allege that plaintiff's agents told them that this sale would fully satisfy their debt. The property was divided into nine parcels, eight of which were sold on December 17, 1987. The one remaining parcel was foreclosed upon on March 23, 1988. Defendants bid on the one parcel at the voluntary sale, then subsequently bought the parcel in the foreclosure sale with one hundred percent financing. On April 4, 1988, the Government brought a suit in this Court to recover the loan deficiency remaining after the foreclosure and voluntary sale. Defendants assert that the debt was discharged in bankruptcy, or, alternatively, that plaintiff is estopped from claiming the deficiency amount due to representations made by plaintiff's agents. Plaintiff asserts that the loan was not discharged and that plaintiff is not estopped from proceeding to collect the debt deficiency. For the purposes of this opinion, the Court will assume that plaintiff's agent(s) did in fact make representations to defendants that SBA would not seek the deficiency.

### II.  STANDARD TO APPLY: SUMMARY JUDGMENT

Under Rule 56(c), the court shall grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The "evidence of the non-movant is to be believed, ... and all justifiable inferences are to be drawn in his favor." *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

### III.  DISCUSSION

A. *Was defendants' indebtedness discharged in bankruptcy?*

■ Defendants move for summary judgment and assert that their indebtedness was discharged in bankruptcy. In support of their assertion, defendants rely

on the order confirming their Plan for Reorganization which was entered December 12, 1985 pursuant to 11 U.S.C. § 1141.

As part of the reorganization plan, defendants promised to pay SBA the balance of the loan then remaining in nine annual installments and gave as security "Parcel 1 of Debtor's land." The order confirming the plan states: "3. That each holder of a claim or interest will receive or retain under the plan property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Code on such date; ...."

At the time of the bankruptcy proceeding, the land owned by defendants which secured the loan did equal the value of the loan. Due to market fluctuations, the value of the land dropped, which resulted in a deficiency amount of approximately $13,000.00 at the time of the foreclosure sale in 1988. Defendants claim the reorganization plan restricts plaintiff to proceed against defendants for the value of the land, not the value of the note.

Upon reading the plan, the Court cannot agree. The section of the plan referring to the SBA loan specifically states: "Debtor promises to pay to the order of SBA the sum of $85,049.37 plus interest...." This promise to pay must be the "property" received, since plaintiff did not enter into immediate possession of defendant's real estate. Defendants submitted nothing to indicate that plaintiff was limited to its security interest, or that their promise to pay was anything other than an unconditional promise. Therefore, defendants' loan was not discharged in bankruptcy. Defendants' motion for summary judgment is due to be denied since they are not entitled to judgment as a matter of law.

B. *Did Cartee or Fowler, as agents of plaintiff, have the authority to bind plaintiff in representing that there would not be a deficiency?*

■ Defendants allege in their answer that Cartee and Fowler made representations to them that if defendants agreed to voluntarily liquidate their property, plaintiff would forfeit any right of deficiency. Plaintiff denies that either Cartee or Fowler have the authority to bind plaintiff to such an agreement, and relies on the affidavit of B.W. House and 13 C.F.R. § 101.3–2 pts. V and XI.

The Court must agree with plaintiff. Part V of 13 C.F.R. § 101.3–2 specifies that the authority to compromise a claim lies with the District Claims Review Committee. Neither Cartee nor Fowler belong to this committee (Pltf's memo in support of cross-motion for summary judgment, Exh. A). Part XI of 13 C.F.R. § 101.3–2 prohibits the redelegation of authority delegated by this section. Therefore, neither Carteen or Fowler could have had the authority to represent to defendants that SBA would forfeit its right to a deficiency.

C. *Is plaintiff estopped from claiming a deficiency by defendants' detrimental reliance on Cartee's and Fowler's representations?*

In its cross-motion for summary judgment, plaintiff asserts that it is not bound by representations of its agents who exceed the bounds of their authority. Plaintiff cites as a case on point *United States v. Vonderau*, 837 F.2d 1540 (11th Cir.1988). The court in *Vonderau* held that "where the Government employee was not authorized to make the alleged representation because federal statutes and regulations exclusively delegate waiver authority to an agency committee and an agency appeals board, [estoppel does not lie against the federal Government]. The Government cannot be estopped by the action of its agent when that agent acts without authority or contrary to law. (citations omitted)" 837 F.2d at 1541.

Defendants seek to distinguish this case by saying that no published federal regulations control the delegation of authority to compromise an SBA loan. Pursuant to the law presented in Part B of this Court's discussion, *supra*, it cannot be disputed that such regulations do exist. Therefore, plaintiff cannot be estopped from claiming a deficiency even if defendants detrimental-

ly relied on Cartee's or Fowler's representations.

## IV. CONCLUSION

Defendants' loan was not discharged in bankruptcy. Even if plaintiff's agents represented that SBA would forfeit its right to a deficiency, such a representation would have exceeded their authority. Plaintiff is not estopped from claiming a deficiency. Since there are no genuine issues of material fact, plaintiff is entitled to summary judgment as a matter of law.

A separate judgment will be entered in accordance with this memorandum opinion.

## JUDGMENT

In accordance with the attached memorandum opinion, it is ORDERED, ADJUDGED and DECREED that

1. Defendants' motion for summary judgment is hereby denied.

2. Plaintiff's motion for summary judgment is granted, and judgment is hereby entered in favor of plaintiff and against the defendants for the deficiency amount due and owing on defendants' loan, being the sum of $27,137.98 ($13,270.66 principal and $13,867.32 interest accrued through September 21, 1988), plus interest at the legal rate of 8.32 percent per annum from the date of judgment until paid in full.

3. Costs are taxed against defendants.