929 F.2d 695
 66 Ed. Law Rep. 980
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James F. McCRACKIN, Defendant-Appellant.
 No. 90-1493.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided April 2, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, District Judge. (CA-88-3125-4-15)
 Earl Windell McCrackin, McCrackin, Barnett & Richardson, Myrtle Beach, S.C., for appellant.
 John Oldham McGinnis, Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C. (Argued), for appellee; Stuart M. Gerson, Assistant Attorney General, Barbara C. Biddle, Civil Division, United States Department of Justice, Washington, D.C., E. Bart Daniel, United States Attorney, Henry D. Knight, Jr., Assistant United States Attorney, Columbia, S.C., on brief.
 D.S.C., 736 F.Supp. 107.
 AFFIRMED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 James McCrackin appeals from a summary judgment entered against him on a claim by the United States to recoup educational expenses for McCrackin's nearly three years of education at the Air Force Academy. Since McCrackin failed to complete his active duty service commitment because of misconduct, the government may recoup its expenses. Consequently, we affirm.
 
 
 2
 * James McCrackin enrolled in the United States Air Force Academy in 1982. As part of his enrollment he signed a Statement of Understanding, dated April 15, 1982. In May 1985 the Commandant of the Air Force Academy charged him with using marijuana, with denying--while under oath--that he used marijuana, and with failing to report another cadet's use of marijuana. McCrackin subsequently consulted with a member of the Judge Advocate General's Corps concerning his rights. He then tendered his resignation, which he "submitted with the understanding that a recommendation will be made to the Secretary of the Air Force that my active-duty service commitment be waived."
 
 
 3
 The Commandant recommended that the Secretary of the Air Force accept the resignation. The Commandant also recommended that McCrackin "does not meet the standards for enlisted status and should be required to reimburse the United States for the percentage of the cost of his education as agreed to." The Secretary in accordance with 10 U.S.C. Sec. 2005 and McCrackin's Statement of Understanding, accepted McCrackin's resignation and required him to pay for his educational expenses. The Statement of Understanding to which the Secretary referred provided in part:
 
 
 4
 I agree as a condition of receiving advanced education as defined in Title 10, United States Code, Section 2005:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (3) that if I voluntarily or because of misconduct, fail to complete that period of active duty, I will, as specified by the Air Force, reimburse the United States for the percentage of my cost of my education which the period not served on active duty is of the specified period....
 
 
 8
 In July, the Secretary discharged McCrackin under honorable conditions. The government subsequently sued for $41,064.50 in educational expenses; McCrackin counterclaimed for $807.85 in educational expenses withheld from his pay as a cadet.
 
 II
 
 9
 McCrackin alleges in this appeal that he is entitled to complete his service commitment in place of reimbursing the Air Force for educational expenses.
 
 
 10
 The Secretary has broad discretion under 10 U.S.C. Sec. 2005 to determine the eligibility of cadets for service and to require reimbursement. 10 U.S.C. Sec. 2005(a)(3) provides:
 
 
 11
 [I]f such a person, voluntarily or because of misconduct, fails to complete the period of active duty ... such person will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided such persons as the unserved portion of active duty bears to the total period of active duty such person agreed to serve.
 
 
 12
 The Secretary's determination to waive McCrackin's service commitment under Sec. 2005 due to his misconduct is a matter of discipline. As such it is entitled to great deference. See Chappell v. Wallace, 462 U.S. 296, 300-02 (1983); Berry v. Bean, 796 F.2d 713, 716 (4th Cir.1986). Because the Air Force determined that McCrackin's misconduct disqualified him from enlisted service, the Air Force is entitled to recover its expenses under Sec. 2005.
 
 
 13
 McCrackin relies upon Air Force regulations to establish that he is entitled to complete his service commitment. Under Air Force Regulation (AFR) 33-3, civilians are barred from enlistment because of arrest for marijuana usage only when the arrest results in "conviction or adverse adjudication." AFR 33-3(1-8)(d)(1)(b)(1). McCrackin argues that he was never convicted and that, therefore, he cannot be excluded from enlisted service.
 
 
 14
 Regulation 33-3 does not apply to this case, because it does not govern enlistment of cadets; nor does it purport to define misconduct under Sec. 2005. The government also points out that even if AFR 33-3 were applicable, the Secretary could still have found McCrackin ineligible because the drug charges resulted in an "adverse adjudication": the charges were dropped only in return for his resignation. Moreover, AFR 33-3(1-8)(c) disqualifies a candidate of "questionable moral character"; the Secretary could reasonably determine that McCrackin's sworn denial of the use of marijuana and his failure to report drug abuse of a fellow cadet satisfied that condition. It is unnecessary to reach these issues, because 10 U.S.C. Sec. 2005, the Statement of Understanding, and McCrackin's resignation sustain the Secretary's discretion to require reimbursement of educational expenses.
 
 
 15
 Finally, McCrackin alleges equitable estoppel, because the counsel provided to him by the Air Force did not inform him of the consequences of requesting waiver of his service commitment. The Supreme Court recently foreclosed estoppel arguments against the government "where public monies are at stake." Office of Personnel Management v. Richmond, 110 S.Ct. 2465, 2473, 2475-76 (1990). The principle is the same when the government seeks to recover money improvidently expended. United States v. Fowler, 913 F.2d 1382, 1385-86 (9th Cir.1990). Accordingly, the district court's judgment is affirmed.
 
 
 16
 AFFIRMED.