UNITED STATES of America, Plaintiff,

v.

**Dennis L. SWICK, Jr., Defendant.**

**No. C2–92–860.**

United States District Court, S.D. Ohio, E.D.

Nov. 16, 1993.

Robert N. Burman, Columbus, OH, for plaintiff.

Edmund A. Sargus, Jr., U.S. Atty., Joseph E. Kane, Asst. U.S. Atty., Columbus, OH, for defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This is an action brought by the government pursuant to 10 U.S.C. § 2005 to recover the cost of education from defendant, a former Air Force Academy cadet. Defendant was enrolled at the Air Force Academy from 1984 to 1987. On May 16, 1987, defendant tendered his resignation in the wake of an investigation into his alleged involvement in the use of controlled substances. On July 15, 1987, the Secretary of the Air Force approved defendant's disenrollment, found that defendant's conduct rendered him unfit for enlistment, and directed that defendant be required to reimburse the government for the cost of his education. The government now seeks to recover costs in the amount of $72,932.67 plus interest.

On October 30, 1992, defendant filed an answer in which he asserts estoppel as a defense to plaintiff's claim. The answer also includes a counterclaim based upon promissory estoppel. Defendant asserts that he was promised the opportunity to serve a term of enlisted duty in lieu of reimbursing the government for the cost of his education, and that he waived his right to a hearing and to consult with counsel in reliance on these

representations. Defendant asserts that the government should therefore be estopped from collecting these costs, and he requests a declaratory judgment to the effect that he is not liable for these costs.

This matter is now before the court on the government's motion for summary judgment.

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The government seeks a judgment under 10 U.S.C. § 2005(a)(3), which provides:

(a) The Secretary concerned may require, as a condition to the Secretary providing advanced education assistance to any person, that such person enter into a written agreement with the Secretary concerned under the terms of which such person shall agree—

\*       \*       \*       \*       \*       \*

(3) that if such person, voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement, ... such person shall reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided such person as the unserved portion of active duty bears to the total period of active duty such person agreed to serve.

The government has submitted evidence that defendant entered into a § 2005(a)(3) agreement with the Secretary of the Air Force. The government has also produced evidence that defendant resigned in the face of allegations of drug use, and that the Secretary thereafter determined that because of this misconduct, defendant was unfit for enlistment and was required to reimburse the government for the cost of his education.

Defendant, in responding to the government's motion for summary judgment, does not contest the fact that he entered into a § 2005(a)(3) agreement and that educational costs were incurred by the government as a result of his tenure as a cadet, nor does he dispute the amount of those costs. Defendant does not dispute the fact that the Secretary determined that he was unfit for enlisted duty, that due to his misconduct he failed to complete his agreed period of active duty, and that he was directed to pay educational costs pursuant to 10 U.S.C. § 2005. The sole issue presented is whether defendant's defense or counterclaim of estoppel precludes summary judgment for the government.

■■■ The initial inquiry is whether estoppel may be asserted as a defense to an action under 10 U.S.C. § 2005 to collect the costs of education. Estoppel cannot be used against the government on the same terms as against private parties. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 419, 110 S.Ct. 2465, 2468, 110 L.Ed.2d 387 (1990); *Heckler v. Community Health Services, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). The Supreme Court in *Richmond* declined to adopt a rule which would preclude an estoppel defense in every case brought against the government. *Richmond*, 496 U.S. at 423, 110 S.Ct. at 2470. However, the Court noted, *Id.* at 427, 110 S.Ct. at 2473, that no case had upheld an

estoppel claim against the government for the payment of money. The Court went on to hold that estoppel may not be asserted in the case of a claimant seeking the payment of public funds from the Treasury contrary to a statutory appropriation. *Id.* at 434, 110 S.Ct. at 2476.

In *United States v. Fowler,* 913 F.2d 1382 (9th Cir.1990), *Richmond* was applied to a case where the government erroneously paid flood insurance benefits to the defendants, then filed an action to recover those benefits. The court, *Id.* at 1386, rejected defendants' estoppel theory, noting that otherwise defendants would be permitted to retain funds which Congress had not appropriated. In *United States v. Guy,* 978 F.2d 934 (6th Cir.1992), the government sued to recover a tax refund which was erroneously distributed to defendant, and defendant attempted to assert estoppel as a defense. The court, *Id.* at 938, noted that the IRS had been granted the authority by statute to recover refunds distributed by mistake, and that applying equitable estoppel against the government would frustrate the purposes of this statutorily granted authority.

Defendant in *United States v. Walcott,* 972 F.2d 323 (11th Cir.1992) asserted that the government should be estopped from attempting to collect money due on a loan issued by the Small Business Administration in light of a settlement agreement which was approved by the SBA but not by the Justice Department. The court concluded that the funds which the government sought to recover were "public funds" and held that *Richmond* barred the application of estoppel. *Id.* at 327.

The basis for the instant action is found in 10 U.S.C. § 2005(a)(3). Under that section, the Secretary of the Air Force may require, as a condition of providing advanced education assistance, that a cadet enter into a written agreement to reimburse the United States for the cost of advanced education to the extent that the cadet, either voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement. This obligation to reimburse the government for education costs is "a debt

owing the United States." 10 U.S.C. § 2005(c).

Thus, Congress authorized the expenditure of monies for advanced education assistance. However, in a case where the Secretary enters into an agreement with the cadet for repayment, those expenditures are conditioned upon the proviso that in the event that the cadet's service obligations are not fulfilled, he or she will be liable for the costs of that education in accordance with his or her agreement. Like the outstanding loan debt in *Walcott,* monies owed under § 2005 constitute public funds. Recognizing an estoppel defense in a § 2005 action would deprive the public treasury of these funds and would frustrate the congressional mandate that a § 2005 obligation be treated as a collectible debt owing to the United States.

The only case to date which has considered the availability of an estoppel defense in a § 2005 context is *United States v. McCrackin,* Slip Op. No. 90–1493, 1991 WL 43238, 1991 U.S.App. LEXIS 5273 (4th Cir.1991), *aff'g* 736 F.Supp. 107 (D.S.C.1990). The court of appeals in *McCrackin, Id.,* 1991 WL 43238, at 2, 1991 U.S.App. LEXIS 5273, at 5273–5, concluded that *Richmond* foreclosed an estoppel argument in that case. This court concludes that estoppel may not be asserted against the government in this case, since to allow such a defense would have the effect of depriving the United States of public funds.

■ In the alternative, the court will also address whether defendant has demonstrated the existence of a genuine issue of material fact in regard to estoppel, assuming for the moment that this defense would be available here.

■ The elements of equitable estoppel are a definite misrepresentation by one party, intended to induce some action in reliance, and which does reasonably induce action in reliance by another party to his detriment. *Heckler,* 467 U.S. at 59, 104 S.Ct. at 2223; *Guy,* 978 F.2d at 937. Ordinarily the United States is not estopped by acts of individual officers and agents. *United States v. River Coal Co., Inc.,* 748 F.2d 1103 (6th Cir.1984). For estoppel to apply on the basis

of acts of a government officer or agent, it must be shown that the agent was acting within the scope of his or her authority. *Walcott,* 972 F.2d at 325. Additionally, some affirmative misconduct by a government agent as opposed to mere negligence is required. *Richmond,* 496 U.S. at 421, 110 S.Ct. at 2469.

In the present case, defendant signed a cadet acceptance agreement with the Secretary as provided in § 2005, in which he agreed that if he failed to complete the required period of active duty voluntarily or because of misconduct, he would reimburse the government for the cost of his education. After defendant tendered his resignation, the Secretary determined that defendant was unfit for enlistment, and therefore defendant was not permitted to discharge his obligation to the government by serving a period of active duty. Instead, the Secretary directed that defendant be held liable for reimbursing the government for the cost of his education.

Defendant claims in his affidavit that he was advised by his superior officers, specifically Captain Dart, Lt. Col. Ainsworth and Colonel Coates, that he would be able to repay his obligation to the Air Force through enlisted service. He stated that he was advised by these officers to retake an aptitude test and to list his top three choices for areas of service and bases, and that his alternative service "was a done deal." Defendant also states in his affidavit that he was advised by Captain Dart not to seek outside legal counsel, although he signed a statement upon his resignation acknowledging that he had been afforded the opportunity of consulting legal counsel regarding the advisability of submitting the resignation. Defendant claims that in reliance on these statements, he chose to resign from the Academy.

■ Accepting defendant's statements as true for purposes of these summary judgment proceedings, the court finds that defendant has failed to demonstrate that he could prove the first element of estoppel. Even if it is assumed that defendant was given erroneous information, defendant has not shown that this arose to the level of affirmative misconduct as opposed to mere negligence. Further, defendant has only presented evidence of what were presumably oral communications. He has not submitted any writings which confirm these alleged representations. Oral representations are not sufficient to constitute the affirmative misconduct required for estoppel against the government. *Heckler,* 467 U.S. at 65, 104 S.Ct. at 2226; *Martin v. Miami Industries, Inc.,* 983 F.2d 1067, 1992 WL 393590, 1992 U.S.App. LEXIS 34765 (6th Cir.1992).

■ Defendant has also not shown the third element of estoppel, that he acted in reasonable reliance on these representations. The representations were oral, and defendant's reliance on such statements was unreasonable. *See Guy,* 978 F.2d at 938. Further, defendant has not shown that the officers who allegedly made these representations had the authority to guarantee defendant the opportunity to serve a term of enlistment in lieu of payment of costs. No estoppel may be established when the acts of the government agents are unauthorized. *Waukesha State Bank v. Nat'l Credit Union Admin. Bd.,* 968 F.2d 71 (D.C.Cir.1992). One who enters into an agreement with the government bears the risk of having accurately ascertained whether the government agent is acting within the scope of his authority. *Walcott,* 972 F.2d at 326; *United States v. Vonderau,* 837 F.2d 1540 (11th Cir.1988). As the Supreme Court noted in *Heckler,* 467 U.S. at 63, 104 S.Ct. at 2225, "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law."

As noted by the district court in *McCrackin,* 736 F.Supp. at 111, it is the Secretary who determines under AFR 53–3 whether a cadet is qualified to serve on active duty as an enlisted member, and whether a cadet's misconduct bars enlistment. The court went on to state that "it would be erroneous to conclude that McCrackin's counsel, Captain Singer, was vested with authority sufficient to usurp the statutory authority of the Secretary to enforce agreements entered into pursuant to § 2005." *Id.* at 113. The same can be said of the officers named by defendant.

The agreement signed by defendant stated in Part III "that only the Secretary of the

Air Force or his designee may excuse me from my obligation to serve on active duty for the period specified in this agreement." Further, AFR 53–3 provides [1] that disenrollments, separations and discharges are effected by order of the Secretary of the Air Force. AFR 53–3(A)(1). Under AFR 53–3(A)(8)(a)(1)(d) as it existed at the time of defendant's resignation, a "disenrolled cadet who has an active duty obligation under this regulation and who voluntarily or because of misconduct does not complete that obligation, is required to reimburse the government for the cost of his or her education." Any request for waiver of the active duty and reimbursement requirements are "forwarded to the Secretary of the Air Force for final action consistent with the best interests of the Air Force." *Id.*

It is clear from the regulation that only the Secretary of the Air Force has the final authority to determine who is eligible to serve a term of active duty and who will be required to reimburse the government for the costs of education. None of the officers referred to by defendant had the authority to guarantee him that he could fulfill his obligation through active duty enlisted service. In light of the Air Force regulation and the language of the agreement, defendant has not shown how he could reasonably rely on the alleged representations of these officers. *See Guy,* 978 F.2d at 938.

Based on the foregoing, the court concludes that no genuine issue of material fact has been shown in regard to the government's claim, and that defendant has not shown that he could present evidence sufficient to create a triable issue on his defense of estoppel. The government's motion for summary judgment is granted. The clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $72,-932.67 plus interest in accordance with law.

---

1. The court by order of September 29, 1993 directed counsel for plaintiff to provide the court with a copy of the version of AFR 53–3 in effect at the time of defendant's resignation. By response filed on November 10, 1993, plaintiff indicated that a copy of the regulation is not available, but submitted the affidavit of Norma Nottingham, a Pentagon employee familiar with the regulation, who states that provisions with no star were unchanged since the last revision, and that § 8(a)(1)(d) was in effect since February 6, 1986.