**In re Alfred J. ROMAGNOLO, Debtor.**

**Alfred J. ROMAGNOLO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 93–10995–8P7.
Adv. No. 95–322.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1995.

R. Wade Wetherington, Tampa, FL, for Plaintiff.

Philip Doyle, U.S. Dept. of Justice, Washington, DC, for Defendant.

## ORDER ON MOTION FOR
## LEAVE TO AMEND

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter presently before the Court is a complaint filed by Alfred J. Romagnolo (Debtor) seeking a determination by this Court that his liability for income taxes for the years 1982 through and including 1985 is within the protection of the general discharge. The Debtor in his complaint named the United States of America (Government) as the defendant. The Government in its answer contends that the taxes under consideration were not "stale" taxes because they were assessed within the 240 days immediately preceding the date the Debtor filed his Petition for Relief under Chapter 7 of the Code.

The immediate matter under consideration is a Motion, filed by the Debtor, through which the Debtor seeks leave to Amend his Complaint by asserting the affirmative defense of estoppel. Ordinarily this would be an unorthodox request to say the least because affirmative defenses are, as a rule, plead in the answer and not asserted by the plaintiff in the complaint. However, due to the declaratory relief sought in the adversary proceeding, the burden of proof is placed on the Government; thus it is appropriate to assert affirmative defenses by the Plaintiff in the complaint.

The Motion under consideration is opposed by the Government. In its response, the Government admits that amendments are freely allowed and F.R.Civ.Pro. 15, as adopted by F.R.B.P. 7015, has been liberally construed favoring the allowance of amendments when justice requires unless the amendment is untimely and prejudicial. It is equally true that it is not an abuse of discretion to deny the motion which seeks leave to amend a pleading when it is apparent that the amendment would not serve any purpose because, as a matter of law, it does not introduce a legal claim which is cognizable under the applicable law. The proposed

amendment seeks to assert the affirmative defense of "estoppel" and it is the Government's position that the defense of "estoppel" cannot be asserted against the Government when that Government acted in its sovereign public capacity as distinguished from in a proprietary capacity, including its ordinary commercial capacity. Since it cannot be gainsaid that in the present instance the activity was clearly official and carried out in the discharge of a proper government function, i.e. the collection of taxes, this leaves for consideration whether there is support for the proposition urged by the Government.

The Eleventh Circuit considered this issue in the past and has developed a three part test. According to this test, the defense of estoppel is only available against the Government when (1) the traditional private law elements of estoppel are plead; (2) when the Government acted in its private or proprietary capacity as opposed to in its public or sovereign capacity; and (3) the Government agent was acting within the scope of his or her authority. *United States v. Vonderau* 837 F.2d 1540 (11th Cir.1988); *Federal Deposit Insurance Corp. v. Harrison*, 735 F.2d 408, 410 (11th Cir.1984). The prohibition to use the defense of estoppel against the Government was laid down by the Supreme Court in *Federal Crop Insurance Co. v. Merrill* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Several courts have attempted to alleviate this rule considered by some as overly harsh, albeit without success. In *Office of Personnel Management v. Richmond*, 496 U.S. 414, 422, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1990), the Supreme Court made it clear that it will not condone any attempts to deviate from the *Merrill* rule stating:

> [C]ourts of appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed. Indeed, no less than three of our most recent decisions in this area have been summary reversals of decisions upholding estoppel claims. (citations omitted). Summary reversals of courts of appeals are unusual under any circumstances.

Several courts attempted to alleviate this rule which is considered by some as overly harsh, albeit without success. In *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465. Supreme Court noted and emphasized that it has "reversed every finding of estoppel (against the government) that has come before it."

Notwithstanding the seemingly pragmatic language of the court rejecting the defense of estoppel, it refused to adopt a "flat rule" prohibiting the defense of estoppel against the government, leaving open the question of whether such a defense is ever available. *See also Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). While the availability of the defense may be uncertain, one thing is certain, "when an estoppel is asserted against the Government, the private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present." *Heckler*, 467 U.S. at 61, 104 S.Ct. at 2224; *see also Ferry v. Hayden*, 954 F.2d 658 (11th Cir.1992); *Brundidge Banking Co. v. Pike County Agric. Stabilization & Conservation Comm.*, 899 F.2d 1154 (11th Cir. 1990). The Eleventh Circuit revisited the issue as recently as June 1993, after the Supreme Court decision in *Office of Personnel Management v. Richmond, supra*, a case heavily relied on by the Government in *Bokum v. Commissioner of Internal Revenue*, 992 F.2d 1136 (11th Cir.1993). In *Bokum*, the Court and held that "[b]ecause we decide that the Bokums did not demonstrate that an equitable estoppel claim would lie against even a private party, we need not consider whether such claim would lie against the government." *Bokum, supra*, 992 F.2d at 1141. However, the Court did set forth the elements of a traditional equitable estoppel claim as follows:

(1) words, acts, conduct or acquiescence causing another to believe in the existence of certain state of things;

(2) willfulness or negligence with regard to the acts, conduct or acquiescence; and

(3) detrimental reliance by the other party upon a state of things so indicated.

*Id.* at 1141 *citing United States v. Aetna Ins. Co.*, 923 F.2d 1521, 1526 (11th Cir.1991),

*(quoting FDIC v. Harrison* 735 F.2d 408, 413 (11th Cir.1984)).

Applying the foregoing legal principles to the facts set forth in the proposed amendment, it is evident that they do not meet the test set forth by the Eleventh Circuit, and to permit the proposed amendment would not serve any purpose because even if the facts alleged are ultimately proved, it still would not be a defense available to the Debtor against the government.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Amend the complaint be and the same is hereby denied without prejudice with leave granted to revise the proposed amendment to meet the Bokum test.

DONE AND ORDERED.