### In re Kenneth L. SMYTHE and Susan K. Smythe, Debtors.

### No. 02–60242.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 3, 2004.

*In re Telesphere Communications, Inc.,* 179 B.R. 544 (Bankr.N.D.Ill.1994) *infra* pp. 211 – 212.

Douglas D. Jones, Douglas D. Jones Co., LPA, Canton, OH, for debtors.

James L. Bickett, Akron, OH, Michael W. Davis, Elizabeth Lan, U.S. Dept. of Justice, Washington, DC, for creditor.

## MEMORANDUM DECISION

RUSS KENDIG, Bankruptcy Judge.

Before the court is the motion to determine tax liability as to tax year 2001 [1] filed by the debtors Kenneth L. Smythe and

---

**1.** On October 15, 2002, the court denied a motion by the Internal Revenue Service (hereafter "the IRS") to vacate an order entered July 18, 2002 sustaining the Smythes' objection to claim of the IRS and denied the Smythes' motion to determine federal income tax liability as being moot, save for the Smythes' contention that overpayments for 1995 and 1996 tax years offset the Smythes' 2001 federal income tax liability. The court expressly reserved ruling on that issue until another day.

Susan K. Smythe (hereafter "the Smythes"), the objection thereto filed by the IRS and both parties' multiple briefs in support.[2]

## Jurisdiction

The court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334(a), the general order of reference entered in this district on July 16, 1984 and 28 U.S.C. § 157(b)(2)(O). *Gordon Sel–Way, Inc. v. United States (In re Gordon Sel–Way, Inc.)*, 270 F.3d 280, 288 (6th Cir.2001). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Facts

On October 14, 1994, the Smythes filed a petition for relief under Chapter 13. That case was dismissed October 10, 1998 due to nonpayment.

In the interim, the Smythes filed their federal income tax returns for tax years 1995 and 1996. The Smythes' 1995 tax return was timely filed August 15, 1996 pursuant to an automatic extension. Subsequently, the Smythes filed an amended 1995 tax return, via Form 1040X, on August 13, 1999.[3] The Smythes' amended 1995 tax return indicated that they reduced their adjusted gross income due to previously unreported depreciation expenses under 26 U.S.C. § 179 resulting from their purchase of equipment in 1995 and that they claimed an earned income credit. The amended tax return requested a refund of $5,451.00 for tax year 1995.

The IRS disallowed the Smythes' amended 1995 return on or about October 1, 1999.[4]

The Smythes' 1996 tax return was timely filed August 15, 1997 by way of an automatic extension. Then, the Smythes filed an amended 1996 tax return, via Form 1040X, on February 4, 2000. The Smythes' amended 1996 tax return reduced their tax due to previously unreported business expenses, depreciation on equipment and a claimed increase in their earned income credit. The amended tax return requested a refund of $4,338.00 for tax year 1996.

The IRS disallowed the Smythes' refund claim arising from the amended 1996 re-

---

**2.** Although not considered in this opinion, also pending is the notice of delinquency and two affidavits in support filed by the Chapter 13 Trustee (hereafter "the Trustee"). The Smythes filed a response to the first affidavit, asserting that a favorable ruling on their motion to determine tax liability would enable them to cure their plan payment deficiency.

**3.** The IRS asserts in its response to the Smythes' motion to determine tax liability that the date on which the amended tax return was filed was August 16, 1999, however, a review of the amended tax return indicates that the return was received August 13, 1999. *See* United States' Resp. to Debtors' Mot. to Det. Tax Liab., Ex. 2, p. 1, handwritten notation. Also, additional notes in the IRS' file confirm that August 13, 1999 was the date of receipt. *Id.* at Ex. 6, p. 5, handwritten notation. Under 26 U.S.C. § 7502, a timely mailed return is treated as timely filed. 26

U.S.C. § 7502. The Smythes signed the amended return on August 12, 1999. *Id.* at Ex. 2, p. 1. Presumably, the return was postmarked August 13, 1999.

**4.** A notice of claim disallowance is to be sent by certified or registered mail. *See* 26 U.S.C. § 6532(a)(1) ("No suit ... for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from *the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance ....*") (emphasis added). Neither party contested the issue or filed anything indicating when this notice was sent to the Smythes, however, a document attached to the IRS' response to the Smythes' motion to determine tax liability indicates it was likely sent on or about October 1, 1999. *See* United States' Resp. to Debtors' Mot. to Det. Tax Liab., Ex. 6, p. 3.

turn some time after March 27, 2000.[5]

The Smythes filed a petition for Chapter 13 relief in their current case on January 22, 2002. Their motion to determine tax liability was filed April 26, 2002.

## Arguments

The Smythes request that the court determine their tax liability with respect to tax year 2001. The Smythes argue that their accountant has conducted an analysis of their tax liabilities and determined that they overpaid the IRS in the amount of $20,350.20.[6] They argue that this overpayment occurred in their prior Chapter 13 case and by way of the taxes that they paid in 1995 and 1996 and that the liability for tax year 2001 should be offset by a refund of this overpayment. The Smythes maintain that this refund should be used to fund their reorganization plan.

The IRS counters with the following. The IRS disputes that the Smythes are entitled to a refund based on tax years 1995 and 1996.[7] First, the IRS argues that, under 11 U.S.C. § 505(a)(1) and (2) and 26 U.S.C. § 7422, the Smythes must have timely filed a claim for refund before invoking the bankruptcy court's jurisdiction. The IRS argues that the Smythes never filed a refund claim for tax years 1995 and 1996 with the IRS, so they cannot now request a refund through the bankruptcy process. Further, the IRS argues that the Smythes cannot now request a refund from the IRS because they are time-barred under 26 U.S.C. § 6511.

In response, the Smythes argue that they should not be estopped from asserting their claim for a refund because the egregious misconduct of the IRS caused the Smythes to fail to meet the deadline. The Smythes allege that in their previous Chapter 13 case the IRS failed to report the proceeds of sale of the Smythes' real estate pursuant to an IRS levy, failed to apply the proceeds, and failed to apply the plan payments to the Smythes' liabilities. Additionally, the Smythes argue that the IRS failed to acknowledge the Smythes' amended tax returns. The Smythes assert that the IRS' misconduct contributed to the dismissal of their previous Chapter 13 case. The Smythes argue that they relied upon the misconduct of the IRS to their detriment and that the misconduct made it impossible for them to request a refund before the applicable deadline.

The IRS replies by asserting that limitations periods for filing tax refund actions against the United States cannot be equitably tolled. Additionally, the IRS argues that equitable estoppel is not available against the United States in refund request actions. The IRS argues that even if equitable estoppel was available, the Smythes' claims lack merit because they

5. Unlike the disallowance of the claim for 1995, the IRS did not include any specific documentation as to the disallowance of the claim for 1996. In its response to the Smythes' motion to determine tax liability, the IRS states that the 1996 Form 1040X was accepted and processed by the IRS on March 27, 2000. *See* United States' Resp. to Debtors' Mot. to Det. Tax Liab., p. 4, ¶ 6. Additionally, the IRS cites to its attached exhibits in support, which include tax transcripts. *Id.* However, none of these documents provide a date from which the court can determine that a notice of disallowance was sent to the Smythes.

6. Or the amount may be $20,350.02. Both the Smythes' motion to determine tax liability and their accountant's representations contain the two different figures.

7. The IRS' response to the Smythes' motion to determine tax liability cites several reasons why the Smythes' request for refunds based on their amended 1995 and 1996 tax returns should be denied. As will be discussed, there are procedural hurdles that the Smythes must overcome before addressing the merits of these refund requests.

have not submitted any admissible evidence that the IRS engaged in egregious conduct. Additionally, the IRS argues that the equitable estoppel argument would fail because estoppel cannot be used against the government on the same terms as it is used against private parties. The IRS argues that at a minimum, the Smythes must assert that a government agent engaged in affirmative misconduct. Additionally, the IRS argues that the party asserting estoppel must have reasonably relied on the government's misconduct and changed his or her position in reliance thereon. The IRS argues that the Smythes have failed to allege any affirmative misrepresentation on the part of the IRS or any reasonable reliance thereon. Further, the IRS argues that the Smythes have not submitted any affidavits, cancelled checks, documents or other admissible evidence in support of their claims.

## Analysis

### I. Refund Claims for 1995 and 1996 Tax Years

#### A. Request for Refund Must Be Timely Made

■ The IRS is correct in its assertion that 11 U.S.C. § 505(a)(1) and (2),[8] in con-

junction with 26 U.S.C. § 7422(a),[9] requires the timely filing of a refund request with the governmental agency from which the refund is requested as a prerequisite to invoking the bankruptcy court's jurisdiction. *See Firsdon v. United States*, 95 F.3d 444, 446 (6th Cir.1996) ("[A] refund claim filed with the IRS is a jurisdictional prerequisite to a refund action in the federal district court."); *Roberts v. Sullivan County, Tennessee (In re Penking Trust)*, 196 B.R. 389, 396 (Bankr.E.D.Tenn.1996) ("A 'proper request' under § 505(a)(2)(B) connotes correctness and dictates conformity with the pertinent taxing authority's mechanism for seeking a refund."). Additionally, "[t]he plain language of § 7422(a) makes it abundantly clear that the Statute applies not only to tax refunds but also to 'any sum alleged to have been ... in any manner wrongfully collected.'" *Perkins v. United States (In re Perkins)*, 216 B.R. 220, 226 (Bankr.S.D.Ohio 1997) (*quoting* 26 U.S.C. § 7422(a)).

Under 26 U.S.C. § 6511, a taxpayer must request a refund from the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later ...." 26 U.S.C. § 6511. In the case

---

**8.** Section 505(a)(1) and (2) provides in pertinent part:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court *may not so determine-*
   (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) *any right of the estate to a tax refund, before* the earlier of-
   (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
   (ii) *a determination by such governmental unit of such request.*

11 U.S.C. § 505(a)(1) and (2) (emphasis added).

**9.** Section 7422(a) reads in pertinent part: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary ...." 26 U.S.C. § 7422(a).

of a claim for a refund related to income taxes, the "claim for refund shall be made on Form 1040X ('Amended U.S. Individual Income Tax Return')." 26 C.F.R. § 301.6402–3(a)(2).

The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402–2(b)(1).

In the instant case, the Smythes filed their claims for refund for tax years 1995 and 1996 when they filed their amended tax returns via Form 1040X. For both tax years, the amended returns were filed within three years of the filing of the tax return as required by § 6511 of the Internal Revenue Code. The amended tax return for 1995 was filed August 13, 1999, within three years of the filing of the original return on August 15, 1996. The amended tax return for 1996 was filed February 4, 2000, within three years of the filing of the original return on August 15, 1997. Both amended returns contained verified signatures of the Smythes that they were signed under penalty of perjury. Page two of both amended returns contained details as to each ground upon which the claims for refund were based that were sufficient to apprise the IRS of the basis thereof. Additionally, the IRS processed both claims for refund and did not disallow them as untimely. Accordingly, the Smythes have met the first hurdle for bankruptcy court jurisdiction under § 505 to determine their tax liabilities and requests for refunds for tax years 1995 and 1996. However, there is another hurdle.

### B. Suit for Refund Must Be Brought Within Two Years of Disallowance

█ Section 6532 of the Internal Revenue Code provides in relevant part that "[n]o suit ... shall be begun ... after the expiration of 2 years from the date of mailing ... by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). This two-year limitations period is a prerequisite to a determination of tax liabilities in the bankruptcy court. *See generally Internal Revenue Service v. Pransky (In re Pransky),* 318 F.3d 536 (3rd Cir.2003).

As to the 1995 tax refund claim, the IRS sent the Smythes the notice of the disallowance on or about October 1, 1999. According to § 6532 of the Internal Revenue Code, the Smythes had until on or about October 1, 2001 to initiate an action in tax court, district court or bankruptcy court to contest the disallowance of their refund claim. The instant motion was filed April 26, 2002, well over two years after the disallowance notice was sent and well over several months after the limitations period expired.

As to the 1996 tax refund claim, the IRS processed the claim sometime after March 27, 2000, but it is undeterminable from the record when the notice of disallowance was sent to the Smythes. Accordingly, the Smythes' motion to determine tax liability may or may not be timely as to tax year 1996.

### II. Refund Claims for Other Tax Years

#### A. Request for Refund Must Be Timely Made

As discussed previously, a request for an income tax refund must be timely made under 26 U.S.C. § 7422(a) before invoking

the bankruptcy court's jurisdiction under 26 U.S.C. § 6532(a)(1) and 11 U.S.C. § 505. In the case at bar, the record is devoid of tax refund claims that the Smythes filed for tax years other than 1995 and 1996.

The IRS raises the Smythes' failure to file tax refund claims as a defense to their motion to determine tax liability. In response, the Smythes argue that equitable estoppel should apply to bar the IRS' defense where the IRS failed to report the proceeds of sale of the Smythes' real estate pursuant to an IRS levy, failed to apply the proceeds, and failed to apply the plan payments to the Smythes' liabilities. The Smythes argue that they relied upon the misconduct of the IRS to their detriment and that the misconduct made it impossible for them to request a refund before the applicable deadline.

In response, the IRS argues that limitations periods for filing tax refund actions against the United States cannot be equitably tolled. The IRS argues that even if equitable estoppel was available, the Smythes' claims lack merit because they have not submitted any admissible evidence that the IRS has engaged in egregious conduct and that estoppel cannot be used against the government on the same terms as it is used against private parties. Additionally, the IRS argues that the Smythes must assert that a government agent engaged in affirmative misconduct. Further, the IRS asserts that the Smythes have not submitted any affidavits, cancelled checks, documents or other admissible evidence in support of their claims. The IRS' argument has merit.

### B. Equitable Estoppel Is Only Available Where the Government Has Engaged in Affirmative Misconduct

Equitable estoppel is "a definite misrepresentation by one party, intended to induce some action in reliance, and which does reasonably induce action in reliance by another party to his detriment." *United States v. Swick*, 836 F.Supp. 442, 445 (S.D.Ohio 1993) (*citing Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)).

"Estoppel cannot be used against the government on the same terms as against private parties." *United States v. Guy*, 978 F.2d.934, 937 (6th Cir.1992) (*citing Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 419, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)). In order to apply estoppel based on the acts of a government agent, one must prove that the agent was acting within his or her scope of authority. *United States v. Walcott*, 972 F.2d 323, 325 (11th Cir.1992). "Additionally, some affirmative misconduct by a government agent as opposed to mere negligence is required." *Swick*, 836 F.Supp. at 446 (*citing Richmond*, 496 U.S. at 421, 110 S.Ct. 2465); *Reich v. Youghiogheny & Ohio Coal Co.*, 66 F.3d 111, 116 (6th Cir.1995); *Guy*, 978 F.2d at 937.

In the case at bar, the Smythes have not introduced any evidence to support their contention that the IRS engaged in affirmative misconduct preventing them from meeting the deadlines to file tax refund claims. The IRS may have been negligent in failing to report the tax levy proceeds, failing to apply the proceeds, and failing to apply plan payments, but the Smythes have not demonstrated that the IRS' conduct was intentional nor that it prevented the Smythes from meeting the refund deadlines. The Smythes cannot invoke equitable estoppel against the IRS as a means of getting around the tax refund deadlines.

### Conclusion

An order in accordance with this memorandum decision shall enter forthwith.

### ORDER

The debtors Kenneth L. Smythe and Susan K. Smythe (hereafter "the Smythes") filed a motion to determine tax liability, which was denied as moot as to every tax year except 2001 depending upon potential offset by refunds for tax years 1995 and 1996. The Internal Revenue Service (hereafter "the IRS") objected, and both parties filed multiple briefs.

For the reasons set forth in the accompanying memorandum decision, the Smythes' motion is hereby held in abeyance as to the tax refund for 1996 offsetting their 2001 tax liability. The parties have until **February 18, 2004** to file briefs, with supporting documentary evidence, including affidavits, detailing their respective positions as to when the notice of disallowance of the 1996 tax refund claim was sent by the IRS. The Smythes' motion to determine tax liability is **DENIED** in all other respects.

This matter is set for a status conference on February 11, 2004 at 3:00 p.m. on the notice of delinquency and affidavits in support filed by the Chapter 13 Trustee. Counsel for the Smythes and the IRS are permitted to appear via telephone with prior notice to the law clerk at 330–489–4430 of a contact telephone number.

It is so ordered.